JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's granting of the motion to dismiss filed by defendant-appellee, Bradley, who was indicted, pursuant to R.C. 2967.28, for escape after he failed to comply with his post-release control requirement of reporting to his parole officer.
{¶ 2} For its sole assignment of error, the appellant states,
 {¶ 3} THE TRIAL COURT ERRED WHEN IT DISMISSED THE INDICTMENT IN THIS CASE.
{¶ 4} At a pretrial, the trial court granted defendant's motion to dismiss. The trial court gave no reason for its decision; its judgment entry simply states, "Defendant's motion to dismiss indictment, granted."
{¶ 5} Defendant's motion to dismiss states that "a term of incarceration cannot be imposed by a branch of government, other than the judiciary, without violating the doctrine of separation of powers." In support, the motion cites the holding in State ex relBray v. Russell (2000), 89 Ohio St.3d 132.
{¶ 6} In Bray, the Supreme Court held R.C. 2967.11 to be unconstitutional because it violates the separation of powers. R.C. 2967.11
grants the authority to the parole board to impose "bad time" on a prisoner who commits an offense while in prison. The Supreme Court of Ohio held that this statute gave to the executive branch power which properly belongs to the judiciary when it allowed the parole board to be judge and jury over the prisoner accused of committing a crime while incarcerated. Bradley argues in his motion to dismiss that "[t]he rationale in Bray is persuasive and fully applicable to both the bad time and post release control statutes."
{¶ 7} Bradley fails to note, however, that the Supreme Court of Ohio decided this very issue as it applies to the post-release control statute differently in Woods v. Telb (2000), 89 Ohio St.3d 504, six weeks after its ruling on Bray. The Supreme Court specifically held: "R.C.2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions." Id. at Syl. No. 1. See, also, State v. Williams (Apr. 26, 2001), Cuyahoga App. No. 77274. Bradley's argument obviously must fail in light of this clear statement by the Court to the contrary.
{¶ 8} In their appellate briefs, both parties raise additional issues not addressed at the trial level. In the last sentence of his two-page motion to dismiss at the trial level, Bradley refers briefly to R.C. 2967.28 as violating "due process of law." At that time, he provided no elaboration beyond this bare assertion of the phrase, and then only vaguely mentioned in the last nine words of his statement in support of his motion. For the first time on appeal Bradley delineates the due process rights of the defendant being violated as "substantive," rather than procedural.
{¶ 9} In his appellate brief, defendant claims that in Woods v.Telb (2000), 89 Ohio St.3d 504, the Ohio Supreme Court did not address whether the post-release control statute violated substantive due process rights. Defendant argues:
 {¶ 10} Ohio's post-release control statutes affect citizens who have served their entire sentence, subjecting them to additional conditions and possible imprisonment. The statute burdens persons, who have every right to their liberty because they have paid their debt to society, in ways that are onerous and oppressive. In order to legislatively burden persons who should be free, the State must show a compelling interest to justify that burden. Ohio's post-release control statutes burden citizens without a compelling state interest.
{¶ 11} This argument is the same argument that this court adopted in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247.
At that time we said,
 {¶ 12} In the words of the populace, he has "served his time as it is defined by the criminal laws of this state. He is by all criminal jurisprudence entitled to be left alone. * * * He has paid his debt to society. This being the case, the State has the burden of showing that a compelling interest exists in its need to deny this "once offender" his freedom and that its interest can't be achieved in a less burdensome way. On neither the compelling interest standard nor the less burdensome way standard has the State sustained its burden.
{¶ 13} Id. at *6.
{¶ 14} The Ohio Supreme Court, however, reversed this court "on the authority of Woods v. Telb." While the Supreme Court did not expressly label the argument as one of specifically substantive due process, the Court so defined post-release control sanctions as to eliminate the claim of any substantive due process right to be free. The Supreme Court explained as follows:
 {¶ 15} * * * in contrast to the bad-time statute, post-release control is part of the original judicially imposed sentence. * * * The post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime, as in bad time.
{¶ 16} If post-release control is part of the original sentence, then defendant has not completed his sentence and the debt to society is not yet paid. No substantive due process balancing test, therefore, is required.
{¶ 17} Further, as noted by Judge Brogan in State v. Wellbaum
(Sept. 1, 2000) Champaign App. No. 2000-CA-5, R.C. 2967.28 does not violate either the procedural or the substantive due process clauses of the United States and the Ohio Constitutions. He stated that as long as "the post-release control violation hearing was held by a neutral and detached APA [Adult Parole Authority] officer," the substantive due process rights of the defendant are satisfied. Id. at *15. He notes that the Woods Court stated that, "`the fundamental requisite of due process of law is the opportunity to be heard at a meaningful time and in a meaningful manner.'" Id., quoting Woods at 514. Defendant in the case at bar presented no evidence that his post-release control violation hearing was heard by an officer who was not neutral and detached. His substantive due process claims, therefore, must fail.
{¶ 18} The state further notes that R.C. 2721.12[1] requires a party challenging the constitutionality of a statute to serve the Attorney General with the complaint and that Bradley failed to do so here. The state concludes, therefore, that the Common Pleas Court lacked jurisdiction to rule on the constitutionality of the statute.
{¶ 19} R.C. 2721.12 expressly states, however, that this statute applies to actions in which declaratory relief is sought. No such relief is requested in the case at bar. Moreover, no challenge to the constitutionality of the statute was identified in a complaint, as the statute envisioned. Thus the requirement that the attorney general be notified does not apply to the case at bar.
The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and ANNE L. KILBANE, J., CONCUR.
[1] Appellee failed to attach a copy of this statute to his brief as required by App.R. 16(E).